JS 44 (Rev 06/17)    RK

# CIVIL COVER SHEET

19-671

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
Carol Mulhern

**DEFENDANTS**
Federal Retirement Thrift Investment Board, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address and Telephone Number)*

Attorneys *(If Known)*
Viveca D. Parker, AUSA  215-861-8443
615 Chestnut St., Suite 1250
Philadelphia, PA 19106

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer w/Disabilities - Employment
- ☐ 446 Amer w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☒ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
5 U.S.C. Section 8472
Brief description of cause
Removal from State Court - Plaintiff filed Complaint in Ches Co.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 2/15/19
SIGNATURE OF ATTORNEY OF RECORD
Viveca D. Parker/nt          Viveca D. Parker

FEB 15 2019

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

RK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19cv671

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 499 W. Lancaster Ave., Apt. C9 Downingtown, PA 19335

Address of Defendant: 77 K Street, N.E., Ste. 1000, Washington, DC 20002

Place of Accident, Incident or Transaction: Federal Retirement Thrift Investment Board

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/15/19   Vivreca V. Parker /et   Attorney-at-Law / Pro Se Plaintiff   faol   Attorney ID # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify) 5 U.S.C. Section 8472

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases (Please specify) _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Vivreca V. Parker, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

FEB 15 2019

DATE: 2/15/19   Vivreca V. Parker /et   Attorney-at-Law / Pro Se Plaintiff   faol   Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

FEB 15 2019

RK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL MULHERN,<br>499 W. Lancaster Ave. Apt. C-9<br>Downingtown, PA 19335<br><br>    Plaintiff *pro se*,<br><br>v.<br><br>FEDERAL RETIREMENT THRIFT<br>INVESTMENT BOARD<br>77 K Street, N.E.<br>Suite 1000<br>Washington, D.C. 20002<br><br>Michael Kennedy, Managing Director<br>Dana K. Bilyeu, Executive Director<br>Ron McCray, Investor and Corp. Director<br>David A. Jones, LLC Independent Consult. Firm.<br>William Jasien, CEO and Managing Director<br>Rivindra Deo, Exe. Director<br><br>    Defendants. | Case No. 19cv671 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1442(a)(1), the United States of America, on behalf of defendants, the Federal Retirement Thrift Investment Board, Michael Kennedy, Managing Director, Dana K. Bilyeu, Executive Director, Ron McCray, Investor and Corporate Director, David A. Jones, LLC, William Jasien, CEO and Managing Director, and Rivindra Deo, Executive Director, removes this action to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers as follows:

1. On or about January 18, 2019, plaintiff Carol Mulhern filed a complaint in the Court of Common Pleas for Chester County, Pennsylvania. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. The Federal Retirement Thrift Investment Board ("FRTIB") is an agency in the executive branch of the United States with the sole responsibility of administering the Thrift Savings Plan ("TSP"). 5 U.S.C. § 8472. The FRTIB consists of five Presidentially-appointed board members who elect an Executive Director, and set the policies for the administration of the TSP. The TSP is one part of the retirement system created for federal employees by the Federal Employees' Retirement System Act of 1986. The TSP is a defined contribution retirement savings plan that is similar to private sector 401(k) plans. Plaintiff Mulhern is a former federal employee who maintained a TSP account with the FRTIB.

3. On October 3, 2018, Mulhern requested a withdrawal of all funds in her TSP account. In the complaint, Mulhern alleges that the FRTIB improperly deducted taxes from the amount Mulhern withdrew. Mulhern claims she is entitled to have the full amount that was in her account paid to her without any amount deducted for taxes.

4. The individual defendants are the board members and Executive Director of the FRTIB, and are employees of the United States who were acting within the scope of their employment at all times relevant to Mulhern's allegations. *See* Declaration of William M. McSwain, United States Attorney, attached hereto as Exhibit "B." As such, the United States is substituted as a matter of law pursuant to 28 U.S.C. § 2679(d)(1), which provides the following:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

5. The United States district courts have exclusive jurisdiction over proper and timely claims for recovery of internal revenue tax alleged to have been erroneously or illegally assessed or collected (28 U.S.C. § 1346(a)), and claims arising under the Constitution, acts of Congress, and agency and executive department regulations. 28 U.S.C. § 1346(b).

6. Accordingly, this is a suit against the United States, and removal of this action is proper pursuant to 28 U.S.C. § 1442(a)(1).

7. Under 28 U.S.C. § 1442(a)(1), any civil action commenced in State court against an agency of the United States may be removed to the United States District Court for the district in which the action is pending. This action is removable to this Court pursuant to 28 U.S.C. § 2679(d)(2), which provides in pertinent part that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending....

8. In accordance with 28 U.S.C. § 1446(d), a true and correct certified copy of this Notice of Removal is being: (a) filed in the Chester County Court of Common Pleas; and (b) sent to *pro se* plaintiff.

9. No bond is required to accompany this Notice because it is being filed on behalf of the United States.

10. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

11.     Removal by the United States is timely pursuant to the 30-day deadline set forth in 28 U.S.C. § 1446(b).

WHEREFORE, the United States of America, on behalf of the Federal Retirement Thrift Investment Board, Michael Kennedy, Managing Director, Dana K. Bilyeu, Executive Director, Ron McCray, Investor and Corporate Director, David A. Jones, LLC, William Jasien, CEO and Managing Director, and Rivindra Deo, Executive Director, gives notice that the State court action, Mulhern v. Federal Retirement Thrift Investment Board, Michael Kennedy, Managing Director, Dana K. Bilyeu, Executive Director, Ron McCray, Investor and Corporate Director, David A. Jones, LLC, William Jasien, CEO and Managing Director, and Rivindra Deo, Executive Director, Case No. 2019-00878-MJ, is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

Dated: February 15, 2019

*Susan R Becker for GBD*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*Susan P Becker for VDP*
VIVECA D. PARKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Phone: (215) 861-8443

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of February, 2019, I served a true and correct copy of the foregoing Notice of Removal, with exhibits, by First Class U.S. Mail on the following persons addressed as follows:

>Carol Mulhern
>499 W. Lancaster Ave. apt. C-9
>Downingtown, PA 19335
>*Pro se plaintiff*

>Susan R Becker fu v DP
>VIVECA D. PARKER
>Assistant United States Attorney

5

CERTIFICATION OF SCOPE OF EMPLOYMENT

I, William M. McSwain, the undersigned United States Attorney, pursuant to the provisions of 28 U.S.C. Section 2679(d) and by virtue of the authority vested in me by the Attorney General of the United States under 28 C.F.R. Section 15.3(a), hereby certify that to the best of my knowledge, information, and belief, based upon information supplied to me in my official capacity, defendants Michael Kennedy, Managing Director, Dana K. Bilyeu, Executive Director, Ron McCray, Investor and Corporate Director, David A. Jones, LLC, William Jasien, CEO and Managing Director, and Rivindra Deo, Executive Director, were acting within the scope of their employment by the United States Federal Retirement Thrift Investment Board when the underlying events occurred. In reaching this determination, I have considered (1) the Complaint; and (2) the representation of counsel for the United States Federal Retirement Thrift Investment Board that the individual defendants were acting within the scope of their employment by the United States Federal Retirement Thrift Investment Board at the time of the events and occurrences in question.

Therefore, I have been authorized in my official capacity by the United States Department of Justice to so certify and move to substitute the United States of America pursuant to 28 U.S.C. §2679 as to any and all claims raised against them in this action.

*Susan R Becker* for WMM
WILLIAM M. McSWAIN
UNITED STATES ATTORNEY

DATED: February 15, 2019

# EXHIBIT A

## CHESTER COUNTY COURT OF COMMON PLEAS

Carol Mulhern
499 W. Lancaster Ave. Apt. C-9
Downingtown, PA. 19335
Phone# 484-787-1879

        Plaintiff, Pro Se

Federal Retirement Thrift Investment Board
77 K Street, N.E.
Suite 1000
Washington, D.C. 20002
Phone# 202-942-1600

Michael Kennedy, Managing Director
Dana K. Bilyeu, Executive Director
Ron McCray, Investor and Corp. Director
David A. Jones, LLC Independent Consult. Firm.
William Jasien, CEO and Managing Director
Rivindra Deo, Exe. Director

        Defendants

OFFICE OF THE
PROTHONOTARY
CHESTER CO PA
2019 JAN 18 AM 11:49
FILED

## CIVIL COMPLAINT FOR FIDUCIARY BREACH OF DUTY

Plaintiff, Carol Mulhern (hereinafter "Plaintiff" or "Mulhern") files this Civil Action Complaint and Demand for a jury trial against Defendant, Federal Retirement Thrift Investment Board. This action for declaratory, injunctive, monetary and other appropriate relief is brought by the Plaintiff, to redress Fiduciary breach of duty, 29 USC 1106 (b), and acts of withholding retirement saving funds. As described in Title 18, chapter 3901 "Deprive". In support thereof avers the following:

### FACTUAL AVERMENTS

Plaintiff's retirement account# 19011982137945 has a savings for $152,540.40. Plaintiff completed the TSP-75 Form to withdrawal/transfer retirement funds to another retirement account at the Citadel Federal Credit Union, then faxed and mailed the documents to the Thrift Savings Plan (TSP) representatives approximately, Oct. 3, 2018. In turn, the Thrift Savings Plan representatives sent the Plaintiff an incorrect amount of funds taxed by check for $127,381.55 instead of the entire amount of $152,540.40 tax deferred, as a retirement plan roll over.

TSP treated the withdrawal of funds as a regular withdrawal instead of a roll over to another retirement account, thereby subjecting Plaintiff's TSP retirement funds to a 20% tax.

TSP acknowledged by phone they only received the partial fax of Plaintiff's TSP-75 withdrawal/transfer form, but failed to correct what TSP perceived as a regular withdrawal. In turn, Plaintiff sent numerous letters to TSP dated Oct. 22, Nov. 5 and Dec. 7, of 2018 requesting the error of processing Plaintiffs retirement funds as a regular withdrawal corrected as a withdrawal/transfer to retirement account tax deferred.

On December 29, 2018, Plaintiff sent Defendants another TSP-75 form requesting the full amount of her TSP retirement funds as tax deferred, along with the Citadel Federal Credit Union retirement account information. In turn, Defendants failed to correct Plaintiff's retirement fund withdrawal/transfer request of a tax-deferred payment for her savings $152,540.40.

In total, Plaintiff sent Defendants letters requesting the full amount of TSP savings as tax deferred dated; Oct. 3, Oct. 22, Nov. 5, Dec.7, and Dec. 29 of 2018 without resolution. Plaintiff has also been waiting for a VA pension from the Office of Personnel Management, (OPM) and is with little funds to pay living expenses. TSP is causing a financial hardship since Plaintiff is looking to purchase a home and has retired effective 11/1/2018.

Pursuant to 5 CFR 1600.31 (1) Plaintiff request all savings to be rolled over onto Citadel Federal Credit Union Retirement Account as taxed deferred. Defendants breached Fiduciary Duty, 29 USC 1106 (b) Transactions between Plan and Fiduciary (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants.
Failure to correct Thrift Savings as a tax deferred payment.

## JURISDICTION AND VENUE

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1345, all of which provide for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to recover damages and to secure and other relief under the appropriate governing statues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

Enter a declaratory judgment that the actions of Defendant violated the rights of Plaintiff as secured to her by PA State statues;

Award Plaintiff her entire invested retirement savings in its entirety the amount of $152,540.40.

Award Plaintiff damages in compensation for her emotional distress and loss financial living expenses.

Award Plaintiff damages, for punitive actions by the Defendant where she was improperly denied her lawful entire enticement savings invested for approximately 28 years.

Award Plaintiff court filing fees.

Sincerely,

*Carol Mulhern*

PRO SE Plaintiff, Carol Mulhern

Date: 1/18/2019

## CERTIFICATE OF SERVICE

You have been sued in court. If you wish to defend against the claims set forth in the above pages, you must take action within 20 days after this complaint and notice received. Failure to respond to this civil action may lead to a judgement against you.

I, Carol Mulhern, Plaintiff certify, I have sent Federal Retirement Thrift Investment Board this notice of a civil action against them by mail to defend in the West Chester Court House, West Chester Pennsylvania 19380.

U.S. Mail

Federal Retirement Thrift Investment Board
77 K Street, N.E.
Suite 1000
Washington, D.C. 20002

Attn: Michael Kennedy, Managing Director
     Dana K. Bilyeu, Executive Director
     Ron McCray, Investor and Corp. Director
     David A. Jones, LLC Independent Consult. Firm.
     William Jasien, CEO and Managing Director
     Rivindra Deo, Exe. Director

FILED 2019 JAN 18 AM 11:49 OFFICE OF THE PROTHONOTARY CHESTER CO PA

Date January 18, 2019

Plaintiff, Carol Mulhern  *Carol Mulhern*

4



C. Malkum
499 N. Lancaster Ave.
Apt. a.9
Daringtown, PA. 19335

40

Federal Retirement Thrift Investment Board
77 K. Street, N.E.
Suite 1000
Washington, D.C. 20002