# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL MULHERN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 19-671 |
| FEDERAL RETIREMENT THRIFT INVESTMENT BOARD, MICHAEL KENNEDY, Managing Director; RON MCCRAY, Investor and Corp. Director; DAVID A. JONES, LLC, Independent Consult. Firm; WILLIAM JASIEN, CEO and Management Director; and RIVINDRA DEO, Exe. Director, | : | |
| Defendants, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Movant. | : | |

## **MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                              **MARCH 18, 2019**

*Pro se* Plaintiff Carol Mulhern ("Mulhern") brings this action against Defendants Federal Retirement Thrift Investment Board ("FRTIB"), Managing Director Michael Kennedy, Investor and Corporation Director Ron McCray, David A. Jones, LLC, CEO William Jasien, and Executive Director Rivindra Deo (collectively, "Defendants")[1] seeking declaratory, injunctive, monetary and other appropriate relief to redress claims concerning the Federal Retirement Thrift

---

[1] As the individual Defendants are board members and Executive Director of the FRTIB, and are employees of the United States who were acting within the Scope of their employment at all times relevant to Mulhern's allegations, the United States is substituted as a matter of law pursuant to 28 U.S.C. § 2679(d)(1).

Investment Management System, 5 U.S.C. § 8477(b)(1), (c)(1), (2)(A), (B), and Deprivation, 18 Pa. Cons. Stat. § 3901 *et seq.* Mulhern originally filed this case in the Chester County Court of Common Pleas on January 18, 2019; however, Defendants properly removed it on February 15, 2019. Mulhern agreed to the Removal and filed a First Amended Complaint on February 25, 2019.[2] (Doc. No. 4.)

Presently before the Court is Defendants' Motion to Dismiss the Complaint with Prejudice. (Doc. No. 3.) Mulhern has filed a Memorandum of Law in Opposition and a Surreply. (Doc. Nos. 6, 9.) Defendants have filed a Reply and sent a letter dated March 13, 2019. (Doc. Nos. 7, 8.) For the following reasons, Defendants' Motion is granted.

## I. BACKGROUND[3]

In June 1990, Mulhern was employed at the Coatesville Veterans Administrative Medical Center, where she enrolled in a Thrift Savings Plan ("TSP"). (First Am. Compl. ¶ 13.) Mulhern made regular salary money attachments into her Thrift Savings Retirement Account ("Retirement Account"), which grew to a total amount of $152,542.00 over twenty-eight years. (*Id.*)

On approximately October 1, 2018, Mulhern contacted a TSP representative for information regarding a withdrawal or transfer of her Retirement Account funds. (*Id.* ¶ 14.) The TSP representative allegedly reviewed Mulhern's account and advised her to complete the TSP-

---

[2] Mulhern's First Amended Complaint is actually included in her Response to Defendants' Notice of Removal. (Doc. No. 4.) It was filed after Defendants' Motion to Dismiss and is largely the same as her Complaint, but includes defined counts and raises a new issue concerning an alleged fax machine issue. (First Am. Compl. ¶ 18.) However, Defendants' filed a Supplemental Memorandum of Law in Support of their Motion to Dismiss that addresses the faxing issue raised in the First Amended Complaint. (Defs.' Suppl. Mem. Law in Supp. Mot. Dismiss 2–3.) We consider all arguments made by the parties regarding claims made in the Complaint and First Amended Complaint.

[3] We take the facts alleged in the First Amended Complaint as true, as we must when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citation omitted).

2

75 Form in order to "have her funds withdrawn/Transferred [sic] to another account tax deferred." (*Id.*) On October 3, 2018, Mulhern allegedly completed the TSP-75 Form intending to "withdrawal/Transfer" [sic] the retirement funds to another retirement account at the Citadel Federal Credit Union ("CFCU"). (*Id.* ¶ 15.)

Due to an alleged partial faxing error, TSP "treated the withdrawal of funds as a regular withdrawal instead of a roll over to another retirement account."[4] (*Id.* ¶¶ 16, 18.) As a result, the withdrawal was subject to a mandatory 20 percent federal tax withholding and TSP, accordingly, sent Mulhern a check in the amount of $127,381.55. (*Id.* ¶¶ 16–17.)

Mulhern requested that the check be voided as deficient and has sent numerous letters dated October 22, November 5, and December 7, 2018, requesting that the error of processing her retirement fund as a regular withdrawal be corrected as a "withdrawal/transfer" to another retirement account. (*Id.* ¶ 19.) On December 31, 2018, Mulhern sent Defendants another TSP-75 Form with an accompanying letter requesting the full amount of her Retirement Account be transferred to the CFCU retirement account. (*Id.* ¶ 20.) This request was denied. (*Id.* ¶ 21.)

Mulhern retired from the Coatesville Veterans Administration Medical Center on November 1, 2018. (*Id.* ¶ 24.) She asserts financial hardship due to receiving only $127,381.55 instead of the full amount of $152,542.00. (*Id.*)

Mulhern brings two counts against Defendants. Count I alleges that Defendants breached a fiduciary duty owed to Mulhern under the Federal Retirement Thrift Investment Management System. (*Id.* ¶¶ 25–26.) Count II alleges that Defendants violated a Pennsylvania criminal

---

[4] It is clear from Exhibit A attached to Defendants' Memorandum of Law in Support of their Motion to Dismiss that Mulhern did not properly fill out the required information on the TSP-75 Form to complete a transfer from her TSP Account to her IRA Account at CFCU. (*See* Defs.' Mem. Law in Supp. Mot. Dismiss, Ex. A ("TSP-75 Form").) Mulhern clearly left blank the checkbox indicating a "Transfer Election" and failed to provide any additional information concerning such a transfer. (*Id.*) Mulhern's TSP-75 Form is properly considered at this stage as it is an undisputedly authentic document. *See Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).

3

statute, 8 Pa. Cons. Stat. § 3901, concerning deprivation of property. (*Id.* ¶¶ 27–31.) In her prayer for relief, Mulhern seeks a declaratory judgment against Defendants and for the full amount of her Retirement Account, compensation for emotional distress and loss of financial living expenses, and punitive damages for the improper denial of her lawful savings.[5]

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)) (internal quotation marks omitted). However, courts need not "accept mere[] conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 678–79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Finally, we may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based

---

[5] It is not within the Court's power to grant a declaratory judgment in this case. "The Declaratory Judgment Act provides that federal courts may grant declaratory relief 'in a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . .'" *Chirik v. TD BankNorth, N.A.*, No. 06-4866, 2008 WL 186213, at *5 (E.D. Pa. Jan. 15, 2008) (emphasis in original) (quoting 28 U.S.C. § 220(a)). Therefore, this request is denied.

4

upon [those] documents." *Davis*, 824 F.3d at 341 (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

"Although *pro se* filings are entitled to liberal construction, the plaintiff must still set forth facts sufficient to survive summary judgment." *Houseknecht v. Doe*, 653 F. Supp. 2d 547, 555 (E.D. Pa. 2009). "When considering a motion in a *pro se* plaintiff's proceedings, a court must 'apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'" *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)); *see also Hamilton v. Jamieson*, 355 F. Supp. 290, 298 (E.D. Pa. 1973). However, the Court may not "infer facts or legal arguments central to plaintiff's claims which are not set forth in plaintiff's . . . Complaint." *Lumumba v. Phila. Dep't of Human Servs.*, No. 98-5195, 1999 WL 345501, at *2 (E.D. Pa. May 21, 1999).

## III.  DISCUSSION

This case revolves around a $25,000 checkbox. If Mulhern had properly filled out her first TSP-75 Form, including checking the box indicating a transfer to a tax-deferred eligible IRA account, then she would have received the full amount of her Retirement Account. However, it appears from Mulhern's subsequent actions and terminology used throughout her briefing that she was confused about the proper procedure. A withdrawal request and a transfer election are functionally distinct and have significant implications. Nevertheless, Mulhern's First Amended Complaint fails to state a claim for which relief may be granted and is dismissed with prejudice.

### A.  Mulhern's Claims do not Allege a Breach of Fiduciary Duty

Defendants first move to dismiss Mulhern's claim of a breach of fiduciary duty in Count I. (First Am. Compl. ¶¶ 25–26.) A fiduciary must perform their duties "'(A) for the exclusive

purpose of—(i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses,' and '(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use.'" *Rasooly v. Peine*, No. 15-4540, 2016 WL 3443382, at *1 (N.D. Cal. June 23, 2016) (quoting 5 U.S.C. § 8477(b)(1)). Importantly, "[t]he statute refers to liability for the mismanagement of a government employee's assets in the [TSP]." *Parks v. Champion*, No. 15-115, 2016 WL 3287653, at *2 (E.D. Tex. Mar. 21, 2016).

Here, Mulhern does not and cannot claim that Defendants mismanaged her Retirement Account. In fact, Defendants merely followed the instructions provided by Mulhern on her first TSP-75 Form. (*See* Defs.' Mem. Law in Supp. Mot. Dismiss, Ex. A ("TSP-75 Form").) Mulhern clearly checked the box indicating a "Withdrawal Request." (*Id.*) Yet, she left the "Transfer Election" box unchecked. (*Id.*) Had Mulhern checked that box, indicating she wanted to transfer her funds to an eligible retirement plan (a rollover distribution), the distribution would have been exempt from her taxable gross income and not subject to a federal withholding. *See* 26 U.S.C. §§ 401(a)(31)(A), 402(c)(1)(A). However, pursuant to 26 U.S.C. § 3405(c) and Section V of the TSP-75 Form signed by Mulhern, a withdrawal is subject to a mandatory 20 percent tax withholding. (TSP-75 Form.)

Mulhern further argues that she took remedial steps to attempt to rectify the error and change her withdrawal to a transfer. She sent letters to the TPF dated October 22, November 5, and December 7, 2018, requesting that the error of processing her retirement fund as a regular withdrawal be corrected as a "withdrawal/transfer" to another retirement account. (First Am. Compl. ¶ 19.) On December 31, 2018, Mulhern sent Defendants another TSP-75 form with an

accompanying letter requesting the full amount of her Retirement Account be transferred to the CFCU retirement account. (*Id.* ¶ 20.) However, it was too late.

Unfortunately for Mulhern, TSP cannot change the withdrawal request once the funds have been disbursed. *See* 5 U.S.C. § 8433(d)(2); 5 C.F.R. § 1650.17(b) ("A withdrawal election cannot be changed or cancelled after the withdrawal request has been processed.") According to Defendants, the disbursement was processed on October 17, 2018, five days before Mulhern sent her first letter. (Def.s' Mem. Law in Supp. Mot. Dismiss. 7, Ex. B ("TSP Issued Check")) (indicating check in amount of $127,381.55 was issued to "Carol Mulhern" on October 17, 2018).

It is clear from the facts alleged by Mulhern and her signed TSP-75 Form that Defendants did not breach any fiduciary duty they may have owed to her. In fact, they carried out her withdrawal request and complied with all applicable statutes. Therefore, Mulhern cannot maintain a claim of breach of fiduciary duty against Defendants and any amendment would be futile. *See Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989) (holding district courts may deny parties opportunity to amend where such amendments would cause undue delay, prejudice to opposing party, or be futile). Count I of the First Amended Complaint is dismissed with prejudice. *See id.*

### B. Criminal Law is Inapplicable in this Case

Count II of Mulhern's First Amended Complaint is brought under Pennsylvania criminal statute, 8 Pa. Cons. Stat. § 3901. Defendants argue that criminal statutes are inapplicable in this case. (Defs.' Mem. Law in Supp. Mot. Dismiss 6, n.2.) A similar issue was examined in great detail only a few years ago by this Court. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 633–40 (E.D. Pa. 2014). There, a *pro se* plaintiff attempted to bring a civil action under 18 U.S.C. § 242,

a federal criminal statute, as well as to compel the Pennsylvania Attorney General to join his case. *See id.* at 634. The Honorable Gene E. K. Pratter explained that this was untenable for three reasons. *See id.* First, "a private citizen lacks judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "[T]he entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another." *Id.* at 635 (quoting *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (Roberts, C.J., dissenting from the dismissal of certiorari as improvidently granted)).

Second, "federal prosecutions are 'brought in the name of the United States as sovereign' and that the *federal* 'Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Id.* at 637 (quoting *United States v. Nixon*, 418 U.S. 683, 693–94 (1974)). Congress has granted that authority exclusively to the Attorney General of the United States. *See id.* ("In fact, because of the so-called 'Take Care' command of Article II of the Constitution, federal crimes arguably may only be prosecuted in federal court, and by the President's delegates."). Likewise, Congress has not given authority to federal district courts . . . to deal with alleged violations of state criminal law." *See Johanning v. Johanning*, 509 F. Supp. 770, 772 (D.N.J. 1981).

Finally, a civil action may not be brought under a criminal statute where no such provision is created or implied. *See Mikhail*, 991 F. Supp. 2d at 639 (citing *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009)); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit . . . ."). Section 3901 clearly does not

provide a civil cause of action, expressed or implied. Therefore, this claim is dismissed with prejudice. *See Averbach*, 879 F.2d at 1203.

## C. Mulhern's Remedial Actions

Despite the untimeliness of her October 22 letter, Mulhern was not without recourse. Under 26 U.S.C. § 402(c)(1)(b), she could have deposited the full amount of her Retirement Account, including the TSP disbursement and the amount equal to the federal withholding, into her eligible IRA account at CFCU within 60 days of the date she received her disbursement in order to exempt the disbursement from gross income for the taxable year. *See* 26 U.S.C. § 402(c)(3)(A). In fact, Mulhern could still petition the Internal Revenue Service seeking a "Hardship Exception" to the 60-day requirement. 26 U.S.C. § 402(c)(3)(B) ("The Secretary may waive the 60-day requirement . . . where the failure to waive such requirement would be against equity or good conscience including casualty, disaster, or other events beyond the reasonable control of the individual subject to such requirement."); *see also Trimmer v. Comm'r*, 148 T.C. 334, 362–63 (2017) (outlining four factors used when considering hardship exception).

## IV. **CONCLUSION**

Mulhern has not provided any facts that can sustain the claims she asserts against Defendants in this case. Moreover, based on the facts already provided, it is clear any amendment would be futile. *See Averbach*, 879 F.2d at 1203. Consequently, Defendants' Motion to Dismiss is granted and Mulhern's First Amended Complaint is dismissed with prejudice. This case is now closed.

An appropriate Order follows.